IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SHANNON MCBURNETTE ARGUELLES | § § § | |
| VS. | § § | C. A. NO.   5:23-cv-00081 |
| MARMAXX OPERATING CORP. D/B/A T.J. MAXX OF TEXAS, INC. And HILDA GARCIA | § § § § | |

### DEFENDANTS MARMAXX OPERATING CORP. AND HILDA GARCIA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Marmaxx Operating Corp. ("Marmaxx") and Hilda Garcia ("Ms. Garcia") file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Laredo Division.  In support of this Notice of Removal, Defendants respectfully show as follows:

1. Just prior to the statute of limitations running on her claims, on June 26, 2023, Plaintiff filed her Original Petition in Cause No. 2023CVF000940D1, *Shannon McBurnett Arguelles v. Marmaxx Operating Corp. d/b/a  T.J. Maxx of Texas, Inc. and Hilda Garcia*, in the 49th Judicial District Court of Webb County, Texas.  On July 10, 2023,  Marmaxx Operating Corp. d/b/a T.J. Maxx of Texas, Inc. was served by serving its registered agent, C T Corporation System.  On July 5, 2023, employee Hilda Garcia - *who has been fraudulently joined*---was served with process. *See* Exhibit A, an index of documents filed in the state court proceeding.  Therefore, Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b)2.

2. At the time of the filing of this action, and at the time of removal, to the best of Defendants' knowledge, Plaintiff was and is a citizen of the State of Texas.  Defendant Marmaxx

Operating Corp. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 770 Cochituate Rd., Framingham, MA 01701. Defendant's employee, Ms. Garcia, to the best of Defendant's knowledge, is a citizen of the State of Texas. However, Ms. Garcia has been fraudulently joined in an effort to ruin diversity.

3. Pursuant to 28 U.S.C. 1332, Defendants seek removal of this matter as Plaintiff has fraudulently joined Ms. Garcia thereby intentionally preventing the only proper Defendant Marmaxx from removing this action to federal court based on the diversity.

### PLAINTIFF'S FRAUDULENT JOINDER OF MARMAXX EMPLOYEE AS DEFENDANT

4. Plaintiff fraudulently joined Marmaxx's employee Hilda Garcia, because there is no possibility of Plaintiff to recover against Ms. Garcia under Texas law because Plaintiff fails to plead any facts or law to support a right to recovery against Ms. Garcia only, nor has Plaintiff pled Ms. Garcia had no independent duty of care separate and apart from Marmaxx Operating Corp.'s duty.

5. In analyzing whether diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568,573 (5th Cir. 2004)(en banc) *cert. denied.,* 544 U.S. 992 (2005). "Under 'fraudulent joinder doctrine,' a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined, i.e., when either there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, (5th Cir. 1999) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993). "In order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show…that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court." *See Palmer v. Wal-Mart Stores,*

*Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex 1999) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)). "The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)).

6.  In making the decision regarding whether fraudulent joinder has occurred, the court should conduct a Rule 12(b)(6) type analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in state defendant. *Smallwood,* 385 F.3d at 573. *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) ("Our precedent is clear: A federal court must apply the federal pleading standard" in deciding the improper joinder issue). Although all ambiguities are resolved in favor of the nonremoving party, a "mere theoretical possibility of recovery under the local law will not preclude a finding of improper joinder." *Smallwood,* at 573, n. 9 (quoting *Badon v. RJR Nabisco, Inc.* 236 F.3d 282, 286 n. 4 (5th Cir. 2000). Under Rule 12(b)(6), "a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thompson v. City of Waco,* 764 F.3d 500, 503 (5th Cir. 2014) (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

7.  The Texas Supreme Court has clearly held "an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party

separate from her employer's duty." *Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex.1996)). Likewise, Texas federal courts have similarly held that alleging that an employee is liable for some act plainly committed within the course and scope of that employee's employment is insufficient for purposes of diversity jurisdiction, an independent duty of care of the employee must be plead and established. *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564, 567 (S.D. Tex 1999) (upholding diversity jurisdiction when the plaintiff made no allegations that the employee owed the plaintiff an independent duty or a duty of reasonable care apart from that which his employer owed); *Solis v. Wal-Mart Stores, E., L.P.,* 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008)(store manager with no personal involvement in creating the dangerous condition owed no separate duty); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 828, 838 (E.D. Texas 2008) (upholding diversity jurisdiction when the only allegations against the employee were for acts within the course and scope of employment); *Fugitt v. Walmart Stores, Inc.*, 2015 WL 7352194 at *3-4 (N.D. Tex. 2015) (upholding diversity jurisdiction when a plaintiff's allegations relating to an employee are assertions made against all defendants); *Jimenez v. Wal-Mart Stores Texas, LLC*, 2013 WL 12129929 at *6-7 (W.D. Tex. 2013) (upholding diversity jurisdiction when every individual duty alleged against an employee was derived from the employee's employment); *Kopczynski v. Wal-Mart Stores, Texas, LP*, 2011 WL 902237 at *6-7 (S.D. Tex 2011) (upholding diversity jurisdiction when plaintiff's claims against employees derived from the ordinary job duties given by their employer).

8.   Here, Plaintiff alleges identical negligence claims against both Marmaxx and the employee Hilda Garcia. *See* Plaintiff's Original Petition paragraphs VII, VIII, IX, and X, attached as part of Exhibit A. Plaintiff's petition is void of any distinction whatsoever between the acts/omissions of Marmaxx and Ms. Garcia. *See* id. There are no specific allegations or facts

to support any allegation that the employee Ms. Garcia had **any personal role in creating the allegedly dangerous condition** at issue, or committed any tortious acts which she directed or participated in which caused the alleged condition or damages, or any distinct duty Garcia owed to Plaintiff which was breached outside of her duties as an employee of Marmaxx. *See* id.  As such, removal is proper as Plaintiff has not pled factual content that allows the court to draw the reasonable inference that Ms. Garcia is liable for the misconduct alleged.

9. True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference. *See* Exhibit A.  A list of all counsel of record is attached as Exhibit B in accordance with Local Rule 81.

10. Defendants would show that this case is removable under 28 U.S.C. § 1441, and the Court has jurisdiction over this matter, because this suit, without the fraudulently joined party, involves a controversy between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See* 28 U.S.C. §§ 1332 and 1441.

11. The matter or amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interest and costs.  In her Original Petition, Plaintiff seeks an amount more than $1,000,000.00, and then also seeks a maximum which is over $100,000.00. *See* paragraphs IV and VII in Plaintiff's Original Petition, attached as part of Exhibit A.

12. This Notice of Removal will be provided to Plaintiff by service of a copy upon his counsel of record, in accordance with 28 U.S.C. §1446(d).  Further, a copy of this Notice of Removal will be filed with the District Clerk of Webb County, in accordance with 28 U.S.C. §1446(d).

13. Therefore, Defendants Marmaxx Operating Corp. and Hilda Garcia pray that this cause be removed from the 49th Judicial District Court of Webb County, Texas, to this Court, and for all other relief to which Defendants may be entitled.

Respectfully submitted,

**HARTLINE BARGER LLP**

*/s/ Jane Haas*
**Marshall G. Rosenberg**
State Bar No. 12771450
mrosenberg@hartlinebarger.com
**Jane Haas**
State Bar No.: 24032655
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419

**ATTORNEYS FOR DEFENDANTS, MARMAXX OPERATING CORP. AND HILDA GARCIA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the applicable Federal Rules of Civil Procedure on August 9, 2023.

*/s/ Jane Haas*
JANE HAAS